AMERICAN DRUG STORES, INC., *et al.*, Plaintiffs-Appellants, v. A T & T TECHNOLOGIES, INC., f/k/a Western Electric Co., Inc., *et al.*, Defendants-Appellees.

Second District   No. 2—90—1462

Opinion filed December 13, 1991.

James T. Ferrini, Edward M. Kay, George A. Zelcs, and Thomas A. McDonald, all of Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (Susan Condon, of counsel), for appellants.

Randi Lyn Cigelnik, of Peterson, Ross, Schloerb & Seidel, of Chicago (Thomas F. Lucas, of counsel), for appellee Garrett & West, Inc.

Gary L. Taylor, of Rathje, Woodward, Dyer & Burt, of Wheaton, and Thomas H. Morsch and Kathleen L. Roach, both of Sidley & Austin, and Thomas R. Phillips, of A T & T Communications of Illinois, Inc., both of Chicago (George A. Platz, of·counsel), for other appellees.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiffs appeal from the judgment of the circuit court of Du Page County which dismissed with prejudice their five-count complaint. We affirm.

On May 8, 1988, a fire broke out at the Illinois Bell switching station in Hinsdale, Illinois. Because of the fire, telephone service in the area was interrupted, with full service restored only after one month. The plaintiffs, all businesses operating in the area affected by the telephone service interruption, filed a class action complaint sounding in negligence and strict liability seeking damages suffered as a result of the fire. Defendants, A T & T Technologies, Inc., and A T & T Bell Laboratories, Inc. (A T & T), designed and manufactured equipment used in the switching station; defendant Garrett & West, Inc. (Garrett), performed service and maintenance work at the station. Both A T & T and Garrett filed motions to dismiss the complaint pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615). On October 22, 1990, the trial court granted the motions, finding that *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, precluded recovery on the facts alleged. The court granted plaintiffs leave to file an amended complaint; if no new pleadings were filed, the judgment would then be made final. As plaintiffs did not amend their complaint, the judgment was made final, and the cause was dismissed with prejudice. This appeal followed.

•■ ■ Plaintiffs contend that *Moorman* not only does not preclude their recovery but actually supports recovery. The *Moorman* doctrine, as it has come to be known, holds that "when a defect in a product is qualitative in nature and relates to a consumer's expectation that the product is of a particular quality, resulting in economic loss but no personal injury or property damage, then the plaintiff has a claim for contract damages but not a tort action." (*Board of Education v. A, C & S, Inc.* (1989), 131 Ill. 2d 428, 440.) Economic loss has been defined as " 'damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits— without any claim of personal injury or damage to other property ***' [citation] as well as 'the diminution in the value of the product be-

cause it is inferior in quality and does not work for the general purposes for which it was manufactured and sold.'[Citation.]" (*Moorman*, 91 Ill. 2d at 82.) Tort theory is appropriate when personal injury or property damage results from a sudden or dangerous occurrence. (*Scott & Fetzer Co. v. Montgomery Ward & Co.* (1986), 112 Ill. 2d 378, 388.) Plaintiffs argue that they have alleged both personal injury and property damage and, therefore, recovery in tort is proper here. We disagree.

As this case was before the trial court on a motion to dismiss, all facts properly pleaded in the complaint must be taken as true. (*Scott & Fetzer*, 112 Ill. 2d at 387.) Plaintiffs allege that "a sudden and calamitous fire" at the Illinois Bell facility resulted "in damage to the equipment and property located at" the facility, "injury to persons involved in fighting the fire, and the interruption of telephone service to thousands of Illinois Bell customers, including plaintiffs, causing damage to the plaintiffs." While a sudden and calamitous fire may be a proper type of occurrence from which to bring an action in tort (see *Scott & Fetzer*, 112 Ill. 2d at 388), plaintiffs have failed to plead properly personal injury or property damage. Plaintiffs argue that as long as some person was injured or someone's property was damaged by a sudden, calamitous event, anyone else sustaining damage because of the event may seek recovery in tort, even if those damages are strictly economic. We do not view *Moorman* or any of its progeny as allowing such recovery. Plaintiffs can cite no case from this State which has allowed economic damages to be recovered in tort based upon a nonparty's personal or property injury. Plaintiffs rely on a single line from *Redarowicz v. Ohlendorf* (1982), 92 Ill. 2d 171, 178:

> "This is not a case where defective construction created a hazard that resulted in a member of the plaintiff's family being struck by a falling brick from the chimney."

This single line is not convincing. First, it is not a statement of law; it is merely a negative hypothetical, stating what the case did *not* involve. Second, the court did *not* state that, had a member of the plaintiff's family been struck, plaintiff would have had a cause of action in tort; the cause of action could have belonged to the injured family member.

We believe that tort remedies are available only where the *plaintiff* is injured in his own person or property. In *Moorman*, our supreme court stated that "strict liability in tort is applicable to physical injury to *plaintiff's* property, as well as to personal injury. *** [T]he essence of a product liability tort case is not that the plaintiff failed to receive the quality of product he expected, but that the plaintiff has

been exposed, through a hazardous product, to an unreasonable risk of injury to *his* person or property." (Emphasis added.) (*Moorman*, 91 Ill. 2d at 81.) The court made no mention of injuries or damages sustained by anyone other than the plaintiff. We find further support in *Washington Courte Condominium Association-Four v. Washington-Golf Corp.* (1986), 150 Ill. App. 3d 681. In *Washington Courte*, the condominium association and certain unit owners sued in tort the general contractor and several subcontractors involved in the construction of their building, alleging, among other things, improper installation of windows and sliding glass doors which led to damage to insulation, walls, ceilings and floors. One plaintiff alleged that she incurred medical expenses for treatment of an allergic reaction suffered by her son from exposure to mold growing on her carpet as a result of water entering around the faulty doors and windows. The court found that the damage to the units was consequent to qualitative defects, not a sudden, calamitous event, and not recoverable in tort. However, the court also addressed the injury to the plaintiff's child. The court found:

> "It is fundamental tort law that the plaintiff in an action for negligence must have suffered a legally compensable injury. [Citation.] In the present case, the minor son was never made a party to this action. Thus, any injuries he may or may not have incurred are irrelevant to the issue before this court." *Washington Courte*, 150 Ill. App. 3d at 687.

We find this persuasive. The only personal injury or property damage alleged to have occurred did not happen to the plaintiffs; these injuries, then, are irrelevant to the case before us. A cause of action must be based on the injury suffered by the plaintiff, not on alleged injuries suffered by nonlitigants. (See *Northern Illinois Gas Co. v. Vincent DiVito Construction* (1991), 214 Ill. App. 3d 203, 218-19.) To allow a cause of action based on such a tenuous link to an injury has no basis in law; we will not stretch existing law to create such an ill-founded rule.

We conclude that *Moorman* indeed precludes plaintiffs' recovery on the facts alleged. Therefore, the trial court did not err in dismissing the complaint.

For these reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

McLAREN and NICKELS, JJ., concur.